IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER WILSON                *

Plaintiff                   *

v                           *      Civil Action No. GLR-18-772

U.S. GOV'T, et al.          *

Defendants                  *
                          ***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Roger Wilson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Wilson's Motion but dismiss his Complaint for failure to state a claim upon which relief can be granted.[1]

## I. BACKGROUND[2]

Wilson is a former federal prisoner who alleges that he "filed numerous complaints about being enslaved and what patents were stolen off of him with both the State and Fed[eral] Atty Generals and they both refused to press charges." (Compl. at 5, ECF No. 1). He pleads that this refusal occurred despite his assertion that "he has . . . 1000 witnesses [and] notarized proof docketed in the court system." (Id.). Wilson states

---

[1] Also pending are Wilson's Motions for U.S. Marshals to Make Service (ECF Nos. 3–5). Because the Court will dismiss Wilson's Complaint, the Court will also deny these Motions as moot.

[2] Unless otherwise noted, the facts outlined here are uncontroverted and the Court views them in the light most favorable to Wilson.

that he is not raising a claim regarding patent infringement; rather, he states that he is "seeking to press charges on the people who have his patents in order to get money he's owed" and asserts his claim can be construed as one for "obstruction of justice, slavery by false representation or just flat out slavery." (Id. at 8). On March 15, 2018, Wilson sued Defendants seeking 100 billion dollars in damages and filed a Motion for Leave to Proceed In Forma Pauperis. Because he appears indigent, the Court will grant the Motion.

## II. DISCUSSION

### A. Standard of Review

Wilson filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989).

**B.** **Analysis**

The Court concludes that the Complaint, even when afforded a liberal construction, fails to state a claim.

To the extent that Wilson is alleging that criminal prosecutions were not initiated by the state or federal governments after receiving his reports, the Complaint does not state a claim upon which relief can be granted. As an alleged crime victim, Wilson has no constitutional right to insist on criminal prosecution. Sattler v. Johnson, 857 F.2d 224 (4th Cir. 1988). The government's decision to seek an indictment or to initiate an investigation into information provided by Wilson is discretionary. In re Fraley, 940 F.2d 652 (4th Cir. 1991) (per curiam) (citing Massey v. Smith, 555 F.2d 1355 (8th Cir. 1977)). This Court will not interfere with the exercise of prosecutorial discretion in deciding whether to seek an indictment or to launch a criminal investigation. Id. (citing Inmates of Attica Corr. Fac. v. Rockefeller, 477 F.2d 375, 379–82 (2d Cir. 1973)).

To the extent Wilson is attempting to assert a claim for civil damages, the basis for such a claim is not discernible from the pleadings filed. The only federal statute Wilson references is 18 U.S.C. §1505, which is a criminal statute prohibiting obstruction of proceedings before departments, agencies and committees and does not bestow a civil cause of action on anyone for its violation. Wilson does not plead sufficient facts to

"state a claim to relief that is plausible on its face" under § 1505. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Further, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Wilson does not comply with the minimal pleading standards contained in Rule 8 and, as such, provides insufficient basis for a response to the claims he raises.

Thus, Wilson fails to state a claim upon which relief can be granted. Accordingly, the Court will dismiss Wilson's claims.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Wilson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) but will dismiss the Complaint. A separate Order follows.

Entered this 5th day of April, 2018.                    /s/
                                                  George L. Russell, III
                                                  United States District Judge